UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTA TORRES CRUZ, | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:02-cv-2270 (JCH) |
| v. | : | |
| | : | |
| IMMIGRATION AND | : | |
| NATURALIZATION SERVICE, | : | DECEMBER 5, 2003 |
| Respondent. | : | |

**RULING DENYING
PETITION FOR WRIT OF HABEAS CORPUS
[Dkt. No. 1]**

Petitioner Marta Torres Cruz requests that this court grant her pro se petition for the writ of habeas corpus [Dkt. No. 1] brought pursuant to 28 U.S.C. § 2241. Torres challenges a final order of deportation, arguing that she is eligible for § 212(c) discretionary relief because she had not served five years in prison at the time of her removal order. The respondent contends that this court need not reach the issue of § 212(c) eligibility because the Immigration Judge, ruling in the alternative, after a full hearing, denied as a matter of discretion Torres' § 212(c) application for a waiver of deportation based on the relative equities in her case. This court agrees with the respondent and therefore denies the petition for the writ of habeas corpus.

I.   FACTS AND PROCEDURAL HISTORY

Petitioner Marta Torres Cruz is a 45-year-old citizen of Cuba. Although she initially

1

came to this country as part of the Mariel boat lift, she has been a lawful permanent resident of the United States for over twenty-three years. On March 30, 1990, Torres was arrested, and, on March 13, 1992, a jury found her guilty of conspiracy to possess with the intent to distribute cocaine and attempted possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). She was sentenced to 188 months in prison, almost sixteen years, on each count, to be served concurrently, followed by a term of supervised release of five years.[1]

In July 1995, the INS initiated removal proceedings against Torres. On March 30, 1996, at her first hearing before an immigration judge (IJ), Torres, acting pro se, conceded deportability and was ultimately ordered deported. Based on his conclusion that § 440(d) of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), eliminated her eligibility for such relief, the IJ did not consider Torres' application for § 212(c) relief. On November 30, 1999, a second IJ denied Torres' motion to reopen, finding that she was ineligible for § 212(c) relief under § 511 of the Immigration Act of 1990 ("IMMACT"), Pub. L. No. 101-649, 104 Stat. 4978, 5077-82 (Nov. 29, 1990), because she had served more than five years in prison. On July 1, 2001, Torres' motion to reopen her deportation proceedings was denied by another IJ.

---

[1] Torres' prison term concludes in 2005, when she is scheduled to be released on an immigration detainer.

However, on August 15, 2001, a fourth IJ granted Torres' motion to reopen based on her possible eligibility for § 212(c) relief. Various hearings were held before two different IJs. The IJs first considered the § 212(c) eligibility issue. Later, a full hearing was held solely to determine whether, assuming Torres was eligible for such relief, a § 212(c) waiver of deportation should be granted in the exercise of discretion.

In his Oral Decision, dated June 14, 2002, see Response [Dkt. No. 9]: Ex. A-13, at 1-12, the IJ ruled that: (1) Torres was not eligible for § 212(c) relief; (2) even assuming she was eligible for such a waiver, based on a "full hearing" on the issue, id. at 8, and consideration of the competing equities, the IJ "would also deny [Torres' § 212(c)] application in the exercise of discretion," id. at 10; (3) Torres' application for withholding of removal under the Convention Against Torture[2] should be denied. In closing, the IJ ordered that Torres be deported to Cuba. Id. at 12.

On appeal, on November 6, 2002, the Board of Immigration Appeals (BIA) "affirm[ed], without opinion, the results of the decision below." Response [Dkt. No. 9]: Ex. A-18. Torres subsequently filed this petition for the writ of habeas corpus.

## III.   DISCUSSION

Torres maintains that she is eligible for § 212(c) discretionary relief because, among

---

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (or simply "CAT"), 23 I.L.M. 1027, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39 (1984).

other things, she had not served five years in prison at the time of her removal order. This court does not reach this or other issues raised by Torres in her § 2241 petition based on its conclusion that it does not have the authority to disturb the IJ's discretionary denial of Torres' § 212(c) waiver of deportation application, a decision based on his evaluation of the competing equities presented by the case after a full hearing. Thus, this court denies the petition for the writ of habeas corpus.

Addressing an alien's challenge to the BIA's refusal to grant a discretionary waiver of deportation pursuant to § 212(c), the Second Circuit Court of Appeals in Sol v. INS, 274 F.3d 648 (2d Cir. 2001) observed:

> [T]he Supreme Court recently held that 'habeas jurisdiction under § 2241 was not repealed by [the Antiterrorism and Effective Death Penalty Act of 1996] and IIRIRA.' The precise scope of such jurisdiction remains unclear. We have held that federal courts retain jurisdiction to review 'purely legal statutory and constitutional claims.' However, we have not yet decided whether federal courts have jurisdiction to review discretionary challenges to deportation orders. That question also was left open by the Supreme Courts affirmance of Calcano-Martinez, 533 U.S. 348 [(2001)], and its decision in [I.N.S. v. ]St. Cyr, 533 U.S. 289 [(2001)].

Id. at 651(internal citations omitted). Ultimately, the Court in Sol "join[ed] [its] sister circuits in holding that federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA." Id.; see also Nolan v. Holmes, 334 F.3d 189, 194 (2d Cir. 2003)(citing Sol for proposition that federal jurisdiction under § 2241 does not extend to nonlegal claims such as challenges to factual findings and discretionary decisions).

4

Under § 212(c) of the Immigration and Nationality Act, see 8 U.S.C. § 1182(c), the Attorney General had[3] broad discretion to waive the deportation of any criminal alien who met specific criteria, such as not having been convicted of an "aggravated felony" for which the term of imprisonment served was five years or longer, see 8 U.S.C. § 1182(c) (1994). See generally Sol, 274 F.3d at 649 n.3. Thus, this federal court lacks jurisdiction to review discretionary decisions by the BIA to grant or deny § 212(c) waivers of deportation.

Torres contends that she raises a purely legal issue that this court has jurisdiction to review–i.e. whether she is in fact eligible for § 212(c) relief in the first instance. However, this court concludes that the IJ's discretionary refusal to grant Torres a § 212(c) waiver effectively mooted the issue of eligibility.

The Supreme Court faced an analogous situation in INS v. Bagamasbad, 429 U.S. 24, 26-27 (1976)(holding that the INS need not examine an alien's statutory eligibility for adjustment of status where the INS exercises its discretion to deny such relief). The alien in that case had overstayed her tourist visa by four years and then had applied to have her status changed under 8 U.S.C. § 1255(a) (1976). Section 1255(a) relief is discretionary, and both the District Director of the Immigration and Naturalization Service and the IJ denied her relief as a matter of discretion, without addressing her statutory eligibility,

---

[3] In September 1996, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) Pub. L. No. 104-208, 110 Stat. 3009-546, repealed this authority. See IIRIRA § 304(b), 110 Stat. 3009-597.

because "she had made serious misrepresentations to the United States consul who had issued her visa." Bagamasbad, 429 U.S. at 25. The BIA affirmed, concluding that it could exercise its discretion without reaching the question of eligibility. The Third Circuit reversed en banc. Bagamasbad v. INS, 531 F.2d 111 (3d Cir.)(en banc), rev'd, 429 U.S. 24 (1976) (per curiam). It held that the immigration officials could legitimately deny relief through the exercise of discretion, but they must first make findings with respect to eligibility. Id. at 117-18.

The Supreme Court reversed. The crux of its holding is that "as a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." 429 U.S. at 25. The parties conceded that it was a proper exercise of discretion to deny the petition regardless of eligibility, and thus it was quite appropriate not to make findings regarding eligibility, unless the statute clearly required otherwise. Id. at 26. Accord Bastanipour v. INS, 980 F.2d 1129, 1131 (7th Cir. 1992)(distinguishing Bagamasbad and concluding that the alternative ruling on discretion did not moot petitioner's challenge to the "well-founded fear of persecution" finding because "the [BIA] gave no reason for its contingent refusal for its refusal to exercise discretion").

Here, by contrast, the IJ actually made a finding that Torres was ineligible for

§ 212(c). Nonetheless, regardless of eligibility, the IJ proceeded to consider her application on the merits and, after a full hearing, exercised his discretion by denying the application based on the competing equities of the case. The IJ's denial of that relief was in a written opinion which clearly considered the relevant factors. See Response [Dkt. No. 9]: Ex. A-13, at 8-10. In effect, the IJ assumed that Torres was eligible for a § 212(c) waiver and proceeded to consider whether to grant such relief. This is analogous to Bagamasbad, where the IJ assumed eligibility without deciding the issue and then exercised his discretion to deny relief. 429 U.S. at 25. As the Supreme Court observed in that case:

> Here, . . . [the] respondent's application would have been properly denied whether or not she satisfied the statutory eligibility requirements. In these circumstances, absent an express statutory requirement, we see no reason to depart from the general rule and require the immigration judge to arrive at purely advisory findings and conclusions as to statutory eligibility.

Id. at 26. As in Bagamasbad, the statute in this case does not require the judge to make findings and reach conclusions with respect to § 212(c) eligibility before considering whether to grant the application as a matter of discretion. It was thus not necessary for the IJ to reach the eligibility issue.

As noted, the denial of § 212(c) relief is discretionary and therefore not reviewable. See Sol, 274 F.3d at 651. In light of the fact that the IJ and the BIA exercised their discretion in denying the petitioner a § 212(c) waiver, and because this denial was dispositive of the claims now raised in the instant petition, this court concludes that it lacks

jurisdiction to review the discretionary denial and therefore dismisses the petition.

## IV.     CONCLUSION

For all of the aforementioned reasons, the petitioner's request for a grant of the writ of habeas corpus [Dkt. No. 1] is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of December, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Court